STATE OF NEBRASKA, APPELLEE, v. CARL V. SULLIVAN, APPELLANT.

203 N. W. 2d 169

Filed January 5, 1973.    No. 38558.

Wilbur L. Phillips, for appellant.

Clarence A. H. Meyer, Attorney General, and Betsy G. Berger, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

A complaint charged defendant with willful refusal to leave property of an educational institution upon proper request. After a finding of guilt defendant appealed. He mainly contends the statute under which the State charged him was unconstitutional on its face for vagueness and "overbreadth."

The facts are stipulated. On November 10, 1969, defendant and 54 other black students met Dr. Kirk Naylor, President of the University of Nebraska at Omaha, in the Regents Room. The students, who represented an organization known as "Black Liberators for Action on Campus" presented alleged grievances that Naylor rejected. They thought the rejection was not fair and therefore refused to leave the room. Counsel for defendant concedes that Naylor ordered them to leave. The students were otherwise orderly, walking peaceably to buses for transportation to a police station.

The complaint rested on the following statutory provisions: "(3) No person shall willfully refuse or fail to leave . . . any building or other facility owned, operated, or controlled by the governing board of any

educational institution upon being requested to do so by the chief administrative officer . . ., if such person is committing, or threatening to commit and the commission is imminent, any act which unreasonably interferes with or obstructs the lawful missions, processes, functions or discipline of such institution. (4) Nothing in this section shall be construed to prevent lawful assembly and peaceful and orderly petition for the redress of grievances." § 28-831, R. S. Supp., 1972.

In Cameron v. Johnson, 390 U. S. 611, 88 S. Ct. 1335, 20 L. Ed. 2d 182 (1968), a statute proscribed picketing in a manner that unreasonably obstructed or interfered with ingress or egress to or from the courthouse. Appellants attacked the constitutionality of the statute on its face for vagueness and "overbreadth." The court upheld the statute, saying:

"The terms 'obstruct' and 'unreasonably interfere' plainly require no 'guess(ing) at (their) meaning.' Appellants focus on the word 'unreasonably.' It is a widely used and well understood word and clearly so when juxtaposed with 'obstruct' and 'interfere.' We conclude that the statute clearly and precisely delineates its reach in words of common understanding. . . .

"The second prong of appellants' argument is that the statute . . . 'is void for "overbreadth," that is, that it offends the constitutional principle that "a governmental purpose to control or prevent activities constitutionally subject to state regulation may not be achieved by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms."'
. . . But 'picketing and parading (are) subject to regulation even though intertwined with expression and association,' . . . and this statute does not prohibit picketing so intertwined unless engaged in a manner which obstructs or unreasonably interferes with ingress or egress to or from the courthouse. Prohibition of conduct which has this effect does not abridge constitutional liberty 'since such activity bears no necessary

relationship to the freedom to . . . distribute information or opinion.' . . . The statute is therefore 'a valid law dealing with conduct subject to regulation so as to vindicate important interests of society and . . . the fact that free speech is intermingled with such conduct does not bring with it constitutional protection.' "

The principles of Cameron have been recognized in cases that are related to the educational community. See, Healy v. James, 408 U. S. 169, 92 S. Ct. 2338, 33 L. Ed. 2d 266 (1972); Police Department of Chicago v. Mosley, 408 U. S. 92, 92 S. Ct. 2286, 33 L. Ed. 2d 212 (1972); Tinker v. Des Moines Independent Community School Dist., 393 U. S. 503, 89 S. Ct. 733, 21 L. Ed. 2d 731 (1969).

We conclude that the statute is not vulnerable to defendant's attack. Other contentions are resolved against defendant. The judgment is affirmed.

AFFIRMED.